**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re:  A & A Communications Development, Inc. (Debtor)**

**MICHAEL MAURICE STAGGS, III,**
**MICHAEL STAGGS COMMUNICATIONS**
**DEVELOPMENT, INC.,**

**Appellants,**

**-vs-**                                                        **Case No.  6:07-cv-1731-Orl-19**

**ROBERT E. THOMAS,**

**Appellee.**

_____

# ORDER

This case comes before the Court on the following:

1.    Response of Appellee in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time (Doc. No. 18, filed Dec. 10, 2007);

2.    Amended Response of Appellee in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time (Doc. No. 19, filed Dec.12, 2007)[1]; and

3.    Response of Appellant to Response and Amended Response in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time (Doc. No. 20, filed Dec. 19, 2007).

**Background**

---

[1]    Both the Response and Amended Response of Appellee request the Court to dismiss the appeal and have therefore been construed as motions seeking affirmative relief.

Appellant Micheal Staggs filed this bankruptcy appeal on October 2, 2007, contesting the Bankruptcy Court's appointment of Gray Robinson, P.A., as special counsel for the Trustee, Robert Thomas. (Doc. No. 3-2, filed Nov. 1, 2007; Doc. No. 3-7, filed Nov. 1, 2007.) The District Court clerk docketed the appeal on October 31, 2007. (Doc. No. 1, filed Oct. 31, 2007). Staggs then filed his appellant brief on November 15, 2007, within the time prescribed by Federal Rule of Bankruptcy Procedure 8009(a)(1) for filing briefs on appeal to the district court. (Doc. No. 17, filed Nov. 15, 2007). Thomas was required to file the appellee brief by December 3, 2007. Fed. R. Bankr. P. 8009(a)(2).

Thomas missed the filing deadline by a week. On December 10, 2007, Thomas filed a "Response in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time" (Doc. No. 18.) In the motion, Thomas first asks the Court to dismiss the appeal because the appellant lacks standing, equitable considerations weigh against granting relief, and no grounds exist for allowing an interlocutory appeal. (Doc. No. 19, pp. 8-17.) In the alternative, Thomas asks for an extension of time, blaming the failure to file a timely brief on a "miscommunication" between counsel and a temporary assistant. (*Id.* at pp. 17-19.) Citing several upcoming mediations and hearings, counsel for Thomas requests an enlargement of time to file the appellee brief on or before January 31, 2008. (*Id.*)

Staggs filed a response to Thomas's motion in which Staggs contests the arguments for dismissing the appeal and asks the Court not to enlarge the briefing period. (Doc. No. 20.) Staggs argues that Thomas's failure to file a brief was due to "internal issues" and therefore does not warrant an extension of time. (*Id.* at pp. 12-13.) In the event that an extension is granted, Staggs

asks that the period be limited to ten days and that the Court award attorney's fees and costs associated with the need to respond to Thomas's motion for extension.  (*Id.* at pp.13-14.)

## Analysis

The Court declines Thomas's invitation to address his substantive arguments before determining whether an extension of time to file the appellee brief is warranted.  (*See* Doc. No. 19.) The requests for relief in Thomas's motion actually should have been presented in the opposite order, as a motion to dismiss an appeal does not stay the requirement to file an appellee brief.  *See* Fed. R. Bankr. P. 8009(a) (alterations to the briefing timeline may only be made by local rule or court order).    Federal Rule of Bankruptcy Procedure 8009(a) establishes a clear timeframe for the filing of briefs in an appeal to the district court.  Fed. R. Bankr. P. 8009(a), (a)(1)-(3).  Nevertheless, the rule also grants the district courts discretion to excuse the filing of an untimely brief.  *See id.* ("Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits. . . .").  Untimely briefs will generally be excused if the late filer shows "excusable neglect" or the opposing party is not prejudiced.  *See*, *e.g.*, *Resolution Trust Corp. v. SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (courts should consider at least one of the following: (1) whether bad faith or negligence existed; (2) whether the late party can explain the delay; (3) whether the delay has caused prejudice to other parties; and (4) the impact of the chosen sanction); *In re Ryan*, 350 B.R. 632, 635 (D.S.C. 2006) (debtor's failure to hire counsel did not constitute excusable neglect); *Ashland Oil, Inc. v. Gleave*, 62 B.R. 514, 514 (W.D.N.Y. 1986) (hospitalization of attorney after the deadline did not constitute excusable neglect, but court would allow late filing so not to punish the client).  If the Court chooses to excuse a late brief, it also

has discretion to award attorney's fees to the opposing party as compensation for the delay or as punishment for the late filer's negligence. *Ashland Oil*, 62 B.R. at 514.

In this case, Staggs has not demonstrated that he will any suffer prejudice from enlarging the briefing period. (*See* Doc. No. 20, pp. 13-14.) As such, the Court will enlarge the time frame for briefing by ten days from the date of this order.[2] The Court will not award attorney's fees.[3]

Thomas' arguments to dismiss the appeal will be considered along with the matters raised in the appellee brief.

### Conclusion

Based on the foregoing, the Amended Response of Appellee in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time (Doc. No. 19, filed Dec. 12, 2007) is **GRANTED** in part and **DENIED** in part. The Response of Appellee in Opposition to Notice of Appeal Construed as Motion for Leave to File an Interlocutory Appeal and Motion for Extension of Time (Doc. No. 18, filed Dec. 10, 2007) is **DENIED** as moot. Appellee has **ten (10) days** from the date of this order to submit an appellee brief. Failure to comply with this deadline will result in the exclusion of the appellee brief from consideration.

---

[2]     The Court declines to give Thomas until January 31, 2008 to file the appellee brief. The Court appreciates that counsel has multiple commitments in the coming weeks. However, Thomas's request would extend the time to file an appellee brief by nearly two months after the original deadline. Moreover, the Court notes that counsel was able to submit a comprehensive twenty-page motion less than seven days after discovering the missed deadline. (*See* Doc. No. 19, p. 17)

[3]     Staggs' response to the motion to extend time constituted only two pages of his sixteen page response. (*See* Doc. No. 20, pp. 12-13.) Aside from being required to draft these two additional pages, Staggs has not pointed to any other cost incurred by Thomas' failure to submit a timely brief.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 20, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record